### Haley *against* Caller.

*June,* 1822.

OPINION of the Court by Judge *Crenshaw.*

*Haley* declared against *Caller* for money paid, laid out, &c. money lent, money had and received, work, &c. done, goods, &c. sold, and on an account stated. On the writ it was indorsed that the action was brought to recover the amount of a Due Bill signed by defendant, on which the plaintiff brought his writ of Error.

*In assumpsit or unliquidated demand, plea of payment does not admit the full amount of demand.*

The bill of Exceptions states that the presiding Judge charged the Jury, " That in this case the plea of payment " did not amount to an admission of the debt, and that it " was necessary for the plaintiff to prove his demand, not- " withstanding the plea of payment."

To ascertain the character of the action we cannot take notice of the indorsement on the writ. This is required merely to give the defendant some intimation of the ground of the suit, and it may in some instances answer the purposes of amendment. We must look into the declaration to ascertain the nature of the action. Here it sounds altogether in damages ; as many counts as it contains there is not one on a Due Bill or on any writing or special contract from which it might appear that a sum certain was due from defendant to plaintiff. If the plea of payment admitted the Debt, to what extent did this admission go ? It surely does not admit the plaintiff's right to recover all the damages claimed in the several counts in an action sounding merely in damages.

If it merely admitted that the plaintiff was entitled to recover *some damages,* leaving their amount uncertain, the Jury without some testimony of the extent to which he had been injured, could at most only give nominal damages. We cannot take notice of any part of the charge which is

not assigned as Error. The Judge may have charged the Jury that if they found the issue against the defendant they might give the plaintiff nominal damages. No part of the Record to which our attention is directed by any of the assignments of Error, negatives this conclusion; and we are bound to conclude that he did so charge. We do not mean to say (for the determination of the present case it is not necessary) that the plea of payment would not amount to an admission of the plaintiff's demand, when the declaration is for a sum certain, or on a writing signed by defendant ascertaining the amount of the demand.

The judgment must be affirmed. .

Judge *Saffold* having tried the case in the Circuit Court, did not sit.

*Crawford* and *Hitchcock*, for plaintiff.

*De Wolf*, for defendant in Error.